UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                              Crim. No. 20-211 (PAM/ECW)

          Plaintiff,

v.                                                     **MEMORANDUM AND ORDER**

Victor Lee Childers,

          Defendant.

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Elizabeth Cowan Wright dated September 27, 2021. (Docket No. 48.) Defendant filed timely objections to the R&R (Docket No. 51) and the Government responded to those objections. (Docket No. 52.) The matter is now ripe for this Court's review, which is de novo. 28 U.S.C. § 636(b)(1); D. Minn. L.R. 72.2(b). For the following reasons, the Court adopts the R&R.

**BACKGROUND**

Defendant Victor Lee Childers is charged with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Docket No. 4.) The full factual background is set forth in the thorough R&R and will not be repeated here. Facts necessary to an understanding of the legal discussion will be incorporated into the discussion below.

The R&R recommends denying Defendant's Motion to Suppress Evidence and granting in part and denying in part his Motion to Suppress Statements. Specifically, the

R&R recommends that the Court grant his Motion to Suppress Statements in that the Government may not reference "any statements inquiring as to Defendant's status as a felon or any statements from him resulting from Officer Porras telling him that he could not even possess bullets" during its case in chief at trial. (R&R at 44-45.) The Government does not object to this finding.

**DISCUSSION**

Defendant objections to the R&R's findings, principally restating the arguments raised in his Motions brought before Magistrate Judge Cowan Wright, rather than articulating specific factual or legal objections to the R&R's conclusions. In any event, Defendant's arguments fail.

A.   <u>Terry</u> Stop

The R&R found that detaining and searching Defendant was lawful under the Fourth Amendment. Defendant argues that law enforcement exceeded the limits of a <u>Terry</u> stop, and arrested him without probable cause. Defendant's objection fails. As an initial matter, Defendant claims that the area was "isolated" and minimizes that the incident took place in a public park. Therefore, Defendant objects that the number of officers on the scene and their actions were unreasonable. But as the R&R explained, police encountered Defendant and the two other vehicle occupants in a public parking lot through which numerous members of the public were coming and going. (<u>Id.</u> at 17.) Thus, the number of officers was reasonable, as was the officers' conduct in drawing their weapons because they were responding to a call of "an active shooter in a public city park." (<u>Id.</u> at 17, 18.) Likewise, it was reasonable for officers order the three suspects out of Defendant's vehicle. (<u>Id.</u> at

2

19.) Further, the tipster was not anonymous, as Defendant claims—the tipster revealed his identity to the 911 dispatcher, and officers verified the tipster's account when they arrived on the scene shortly thereafter. (Id. at 11-12.) The search was a lawful Terry stop, and Defendant's objections to that end are without merit.

The R&R further recommends that the Court deny Defendant's Motion to Suppress the bullets that Officer Rick Porras found in Defendant's pocket while conducting a pat-down search. Defendant objects to this recommendation, arguing that Officer Porras exceeded the scope of a Terry stop by manipulating the bullets in Defendant's pocket, removing the handkerchief that held the bullets from Defendant's pocket, and emptying the handkerchief before the completing a pat-down search for weapons. Defendant misstates the facts. Officer Porras testified that he discerned the bullets in Defendant's pocket during the pat-down search before he manipulated or removed the bullets from Defendant's pocket. (Id. at 6, 25.) Moreover, the plain-feel doctrine supports Officer Porras's actions provides an independent basis to deny Defendant's Motion to suppress the bullets. Defendant's objection to the pat-down search fails.

Additionally, Defendant objects to the R&R's conclusion that seizing the bullets was proper, contending that police had total control of the scene; thus, the bullets alone did not pose a threat, and that Defendant likewise did not pose a threat because he was handcuffed. While Defendant disagrees with the R&R's analysis of the public-safety exemption in United States v. Johnson, 921 F.3d 991, 1000-01 (11th Cir. 2019), the Court is unpersuaded by Defendant's arguments. (Id. at 22-26.) Indeed, the R&R properly examined Johnson, and correctly concluded that the public-safety exception applied to the

bullets found in Defendant's pocket.  Further, Defendant was escorted to a police car after police discovered bullets in his pocket during the pat-down search.  (Id. at 7.)  This objection is likewise overruled.

Throughout his Objections, Defendant repeatedly argues that his statements and the evidence discovered on the scene must be suppressed as fruit of the poisonous tree. Because the Terry stop and subsequent arrest were lawful, any later-discovered evidence or statements are not fruit of the poisonous tree.  Defendant's arguments to that end fail.

**B.     Vehicle Search**

The R&R recommends that the Court deny Defendant's Motion to Suppress the firearms found during a warrantless search of the vehicle, which law enforcement conducted as part of a protective sweep of the area.  Defendant argues that the firearms should be suppressed because Defendant and the other two passengers were, at the time of the protective sweep, handcuffed and placed in police cars; therefore, there was no public-safety reason for police to search the vehicle.  Defendant's argument is unfounded.

The officers acted reasonably in conducting a protective sweep of the area given that they were called to the scene due to a tip that someone was firing a gun in a public park and that Office Porras discovered bullets in Defendant's pocket.  (Id. at 28.) Moreover, the R&R correctly found that law enforcement acted reasonably in ultimately seizing the guns.  (Id. at 29.)  The Motion to Suppress is denied as to the vehicle search.

C.     **Defendant's Statements**

1.     **On the Scene**

The R&R determined that Defendant's Motion to Suppress the pre-Miranda statements he made to Officer Porras should be denied under the public-safety exception to Miranda, save for the statements elicited by Officer Porras when questioning Defendant about his status as a felon and whether he knew that he was prohibited from possessing bullets. Defendant objects and argues that all of his pre-Miranda statements should be suppressed because neither he nor the other vehicle occupants posed a safety risk as "police had complete dominance" over the scene. (Def.'s Objs. (Docket No. 51) at 16.) This assertion is baseless. As the R&R determined, given the information that the officers had at the time, it was reasonable for law enforcement to ask Defendant about any additional weapons and ammunition that he possessed. (Id. at 34-35.) Defendant's objection to the on-the-scene statements' admissibility under the public-safety exception fails.

2.     **Hennepin County Jail**

Lastly, the R&R recommends that the Court deny Defendant's Motion to Suppress the statements he made to officers at the Hennepin County Jail on September 8, 2020, long after the July 25 incident. Defendant contends that his statements were involuntary because officers exploited his fears about the potential penalties he might face in the federal system. Therefore, Defendant argues that although he waived his Miranda rights, he did so under coercion, rather knowingly and intelligently. As the R&R found, this argument is without merit. In his objections, Defendant does not argue that the law-enforcement officers deceived him or made false promises. Indeed, the R&R found that law enforcement did

5

not do so. (Id. at 41-42.) Defendant raises no facts or law to support that officers overbore his will, rendering his waiver of his Miranda rights invalid. Rather, the R&R found that Defendant "initiated contact to speak with law enforcement" and that they had a "polite" conversation. (Id. at 42-43.) Defendant utterly fails to establish that the officers coerced him. Therefore, his post-arrest statements need not be suppressed.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Court **ADOPTS** the R&R (Docket No. 48);

2. Defendant's Motion to Suppress Evidence Obtained as a Result of Search is Seizure (Docket No. 22) is **DENIED**; and

3. Defendant's Motion to Suppress Statements, Admissions, and Answers (Docket No. 23) is **GRANTED in part and DENIED in part**.

Date: November 24, 2021

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge